IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                             PLAINTIFF

v.                              CRIMINAL NO. 12-50042

SEXTUS HARRIS                                                        DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is Defendant's pro se Motion for Jail Credit (Doc. 18). The undersigned, being well and sufficiently advised, finds and recommends as follows:

On August 30, 2012, Defendant pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 11.) On January 8, 2013, a judgment was entered, sentencing the Defendant to 108 months imprisonment. (Doc. 16.) In the motion now before the Court, Defendant requests six-months credit toward his sentence for time he spent in jail prior to being sentenced. A request for credit for prior custody must be made, in the first instance, through the Bureau of Prisons. Administrative procedures exist within the Bureau of Prisons to review the Bureau's failure to credit the time a Defendant has served. Once the Defendant has exhausted his administrative remedies, he may then seek judicial review of any jail-time credit determination by the Bureau of Prisons by filing a habeas petition under 28 U.S.C. § 2241. See United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004). Defendant does not indicate that he has exhausted his administrative remedies within the Bureau of Prisons. Accordingly, he is not entitled to review of his entitlement to jail time credit at this time.

Based on the foregoing, the undersigned recommends denying Defendant's Motion (Doc. 18) without prejudice to Defendant to filing a § 2241 petition after he has exhausted the Bureau of Prisons' administrative remedies.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 4th day of October, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)